# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

No. 1D2022-1705

————————————————

MICHAEL WEISSER,

    Appellant,

    v.

FLORIDA DEPARTMENT OF
HEALTH, Office of Medical
Marijuana Use, MCCRORY'S
SUNNY HILL NURSERY, LLC,
d/b/a GROWHEALTHY, GOTHAM
GREEN PARTNERS, LLC;
PARALLAX MASTER FUND, LP;
PARALLAX VOLATILITY ADVISORS,
L.P.; PARALLAX PARTNERS, LLC;
SENVEST MASTER FUND, LP; and
SENVEST GLOBAL (KY), LP,

    Appellees.

————————————————

On appeal from the Department of Health.
Kenneth A. Scheppke, Deputy Secretary for Health, Florida
Department of Health.

June 12, 2024

PER CURIAM.

GrowHeathly sought to change its ownership structure. As
part of the restructure, GrowHealthy submitted a variance request
with the Florida Department of Health. Michael Weisser

attempted to challenge the Department's approval of the variance. We address whether Weisser has standing to challenge the variance.

Weisser is a shareholder of iAnthus Capital Holdings. GrowHealthy—a medical marijuana treatment center ("MMTC")—is a wholly owned subsidiary of iAnthus. iAnthus entered into an agreement with several investors, including Gotham Green Partners, LLC, Parallax Master Fund, LP, Parallax Volatility Advisers, LP, Parallax Partners, LLC, Senvest Master Fund, LP, and Senvest Global (KY), LP (collectively, "Lenders"). Among other things, the agreement provided the Lenders would be entitled to an equity share in iAnthus if the Department approved GrowHealthy's submission to change its ownership structure ("Variance Request").

The Department must ensure the Variance Request would not result in a violation of the MMTC dual ownership prohibition:

A medical marijuana treatment center, and any individual or entity who directly or indirectly owns, controls, or holds with power to vote 5 percent or more of the voting shares of a medical marijuana treatment center, may not acquire direct or indirect ownership or control of any voting shares or other form of ownership of any other medical marijuana treatment center.

§ 381.986(8)(e)2, Fla. Stat.

The Department approved GrowHealthy's Variance Request. Weisser petitioned for an administrative hearing to challenge the variance, arguing the Lenders are in violation of the dual ownership prohibition. After determining that Weisser lacked a substantial interest in the approval of the variance, and that he therefore lacked standing, an Administrative Law Judge recommended the Department dismiss Weisser's challenge. The Department then adopted the recommendation and dismissed Weisser's petition.

Weisser is entitled to an administrative hearing if his "substantial interests will be affected" by the approval of

2

GrowHealthy's variance. *See* § 120.52(13), Fla. Stat. To demonstrate standing, a third-party challenger must show: "1) that he will suffer injury in fact which is of sufficient immediacy to entitle him to a section 120.57 hearing, and 2) that his substantial injury is of a type or nature which the proceeding is designed to protect." *Agrico Chem. Co. v. Dep't of Env't Prot.*, 406 So. 2d 478, 482 (Fla. 2d DCA 1981); *see also SCF, Inc. v. Florida Thoroughbred Breeders' Ass'n, Inc.*, 227 So. 3d 770 (Fla. 1st DCA 2017) (applying *Agrico* to determine third-party standing).

The injury must occur because of the challenged agency action and must not be speculative. *Village Park Mobile Home Ass'n, Inc. v. State, Dep't of Bus. Regul., Div. of Fla. Land Sales, Condos. & Mobile Homes*, 506 So. 2d 426, 433 (Fla. 1st DCA 1987) (on motion for rehearing). Weisser claims that after implementation of the agreement between iAnthus and the Lenders, the Lenders would own 97.25% of iAnthus and leave the other shareholders with only 2.75%. Weisser argues that the ownership restructure would dilute his interest in iAnthus. But this claimed harm does not arise from the approval of the Variance Request. It is, instead, the result of GrowHealthy's ownership restructure. Weisser also claims GrowHealthy's ability to expand its business and to provide quality products to patients would be affected. These concerns are speculative. But even if they were not, they too are the product of the restructure rather than the Department's action. Weisser, therefore, fails to demonstrate a substantial interest in the administrative action.

Weisser's claimed injuries are also not of the type that the statute is designed to protect. The Legislature created a unified regulatory structure for MMTCs. That structure requires the Department to issue licenses to a certain number of MMTCs, regulate license renewal and revocation, and conditions changes in ownership. § 381.986, Fla. Stat.

Section 381.986(8), Florida Statutes, authorizes the Department to license MMTCs "to ensure reasonable statewide accessibility and availability as necessary for qualified patients." Upon becoming licensed, MMTCs are required to "maintain compliance with the criteria demonstrated and representations made in the initial application." § 381.986(8)(e), Fla. Stat. If a

3

licensed MMTC later wishes to change any representation made in its initial application, it must seek a "variance" from the Department. *Id.* The Department must deny a variance that would result in a violation of the dual ownership provision. § 381.986(8)(e)2, Fla. Stat. Thus, section 381.986(8)(e)2 aims to regulate MMTCs and ensure qualifying patients have access. Weisser cannot point to any provision that protects the equity interests of individual investors from business reorganizations.

Because Weisser does not have a substantial interest that will be affected by the variance, he lacks standing to challenge the decision in a formal administrative hearing.

AFFIRMED.

M.K. THOMAS, NORDBY, and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Stephen A. Ecenia, J. Stephen Menton, and Tana D. Storey of Rutledge, Ecenia, P.A., Tallahassee, for Appellant.

Eduardo S. Lombard, Angela D. Miles and Melissa Hedrick of Lombard Miles PLLC, Tallahassee, for Appellee Florida Department of Health.

John M. Lockwood, Thomas J. Morton, and Devon Nunneley of The Lockwood Law Firm, Tallahassee, for Appellee Gotham Green Partners, LLC.

James A. McKee and Benjamin J. Grossman of Foley & Lardner LLP, Tallahassee, for Appellees McCrory's Sunny Hill Nursery, LLC d/b/a Growhealthy, Senvest Master Fund, LP and Senvest Global (KY), LP.

4

Thomasina F. Moore and Jason L. Unger of GrayRobinson, P.A., Tallahassee, for Appellees Parallax Master Fund, LP, Parallax Volatility Advisers, L.P., and Parallax Partners, LLC.